

Kahalah Clay
Circuit Clerk

Home  County Home  FAQ

Search this site...

| Attorney Resources | Documents & Forms | Courts |

St. Clair County Circuit Clerk > Courts > Court Records Search

## Court Records Search

Criminal Cases | Civil Cases

**Person Search**
**Company Search**
**Case Number Search**
**Attorney Bar Number Search**
**Attorney Account Info**

### Search By Case Participant Name

| jones | telly | Date of Birth | Search |

Last name is required. First name and date of birth are optional.

Participant Name | Case Details | Register of Actions

| Event Date | Event Description | Party Type | Party Name |
|---|---|---|---|
| 6/3/2019 | CAL:ASSIGN ORD/STAT CONFERENCE | ADMINISTRATION | |
| 4/16/2019 | DOC:RECEIPT | ADMINISTRATION | |
| 4/15/2019 | ORD:ASSIGNMENT ORDER | ADMINISTRATION | |
| 4/15/2019 | JUDGE REASSIGNED | ADMINISTRATION | |
| 4/8/2019 | SUM:SUMMONS RETURNED/SERVED | ADMINISTRATION | |
| 4/8/2019 | SUM:SUMMONS RETURNED/SERVED | ADMINISTRATION | |
| 4/8/2019 | SUM:SUMMONS RETURNED/SERVED | ADMINISTRATION | |
| 3/18/2019 | DOC:RECEIPT | ADMINISTRATION | |
| 3/15/2019 | DOC:RECEIPT | ADMINISTRATION | |
| 3/15/2019 | ASM:12 PERSON JURY FEE | ATY PLAINTIFF | CUETO LLOYD M |
| 3/15/2019 | ASM:COMPLAINT FILING FEE | ATY PLAINTIFF | CUETO LLOYD M |
| 3/13/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | COMBE INTERNATIONAL LLC |
| 3/13/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | COMBE PRODUCTS INC |
| 3/13/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | COMBE LABORATORIES INC |
| 3/13/2019 | SUM:SUMMONS ISSUED | DEFEND PRO SE | COMBE INCORPORATED |
| 3/4/2019 | OPN:COMPLAINT FILED | ATY PLAINTIFF | CUETO LLOYD M |



**Email Us** #10 Public Square - Belleville, IL 618-277-6600 ©2012 St. Clair County - All Rights Reserved

**Exhibit A**

# IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| TELLY JONES, | ) |
| | ) |
| Plaintiff, | ) CASE NO.: _19L179_ |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| COMBE INCORPORATED; COMBE | ) |
| PRODUCTS, INC.; COMBE | ) |
| LABORATORIES, INC.; and | ) |
| COMBE INTERNATIONAL LLC | ) |
| f/k/a COMBE INTERNATIONAL LTD | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## SUMMONS

To Defendant:   Combe Incorporated
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center 1209 Orange St
Wilmington, DE 19801

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer: This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.



Wit

(Sea

KAHALAHA CLAY, Circuit Clerk
3/13/2019
JANICE MENDIOLA

_____

Clerk of Court

Plaintiff's Attorney:
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62281
Phone:  (618) 277-1554
Facsimile:  (618) 277-0962
Email:  cuetolm@cuetolaw.com


Date of service _____, 20_____
(to be inserted by officer on copy left with defendant or other person).

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

TELLY JONES,                                    )
                                                )
                        Plaintiff,              )    CASE NO.: <u>19L179</u>
                                                )
        v.                                      )
                                                )    JURY TRIAL DEMANDED
COMBE INCORPORATED; COMBE                       )
PRODUCTS, INC.; COMBE                           )
LABORATORIES, INC.; and                         )
COMBE INTERNATIONAL LLC                         )
f/k/a COMBE INTERNATIONAL LTD                   )
                                                )
                        Defendants.             )
                                                )
                                                )

**SUMMONS**

To Defendant:   Combe Laboratories, Inc.
                By its Registered Agent
                CT Corporation System
                208 South Lasalle Street, Suite 814
                Chicago, IL 60604


        You are summoned and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court
within 30 days after service of this summons, not counting the day of service. If you fail to do so,
a judgment by default may be entered against you for the relief asked in the complaint.

        E-filing is now mandatory for documents in civil cases with limited exemptions. To efile,
you must first create an account with an e-filing service provider. Visit
https://efile.illinoiscourts.gov/ to learn more and to select a service provider. If you need
additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or
talk with your local circuit clerk's office.

        To the officer: This summons must be returned by the officer or other person to whom it
was given for service, with indorsement of service and fees, if any, immediately after service. If
service cannot be made, this summons shall be returned so indorsed. This summons may not be
served later than 30 days after its date.



Witnes

3/13/2019
JANICE MENDIOLA
(Seal of Court)

_____

Clerk of Court

Plaintiff's Attorney:
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62281
Phone:  (618) 277-1554
Facsimile:  (618) 277-0962
Email:  cuetolm@cuetolaw.com

Date of service _____, 20_____
(to be inserted by officer on copy left with defendant or other person).

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| TELLY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: __19L179__ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| COMBE INCORPORATED; COMBE | ) | |
| PRODUCTS, INC.; COMBE | ) | |
| LABORATORIES, INC.; and | ) | |
| COMBE INTERNATIONAL LLC | ) | |
| f/k/a COMBE INTERNATIONAL LTD | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**SUMMONS**

To Defendant:    Combe Products Inc.
By its Registered Agent
The Corporation Trust Company
Corporation Trust Center 1209 Orange St
Wilmington, DE 19801

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer: This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.



Witness

(Seal of Court)

3/13/2019
JANICE MENDIOLA

_____

Clerk of Court


Plaintiff's Attorney:
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62281
Phone:  (618) 277-1554
Facsimile:  (618) 277-0962
Email:  cuetolm@cuetolaw.com



Date of service _____, 20_____
(to be inserted by officer on copy left with defendant or other person).

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

TELLY JONES,                          )
                                      )
                    Plaintiff,        )   CASE NO.: 19L179
                                      )
          v.                          )
                                      )   JURY TRIAL DEMANDED
COMBE INCORPORATED; COMBE             )
PRODUCTS, INC.; COMBE                 )
LABORATORIES, INC.; and               )
COMBE INTERNATIONAL LLC               )
f/k/a COMBE INTERNATIONAL LTD         )
                                      )
                    Defendants.       )
                                      )
                                      )

**SUMMONS**

To Defendant:   Combe International LLC f/k/a Combe International LTD
                By its Registered Agent
                The Corporation Trust Company
                Corporation Trust Center 1209 Orange St
                Wilmington, DE 19801

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To efile, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/ to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer: This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

Witnes 
(Seal of Co...

_____

Clerk of Court


Plaintiff's Attorney:
Lloyd M. Cueto, IL 06292629
Law Office of Lloyd M. Cueto
7110 West Main Street
Belleville, IL 62281
Phone:  (618) 277-1554
Facsimile:  (618) 277-0962
Email:  cuetolm@cuetolaw.com


Date of service _____, 20_____
(to be inserted by officer on copy left with defendant or other person).

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
19L0179
St. Clair County
3/4/2019 2:20 PM
4140865

**IN THE CIRCUIT COURT**
**TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

TELLY JONES,                                )
                                            )
                    Plaintiff,              )   CASE NO.: __19L179__
                                            )
         v.                                 )   JURY TRIAL DEMANDED
                                            )
COMBE INCORPORATED; COMBE                   )
PRODUCTS, INC.; COMBE                       )
LABORATORIES, INC.; and                     )
COMBE INTERNATIONAL LLC                     )
f/k/a COMBE INTERNATIONAL LTD               )
                                            )
                    Defendants.             )
                                            )

## COMPLAINT

Plaintiff, Telly Jones by and through his undersigned counsel, bring this action against Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International, LLC and allege as follows:

### NATURE OF THE ACTION

1.      This is an action for damages suffered by Plaintiff Telly Jones as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2.      Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC, (formerly known as Combe International LTD).

3.      At all times relevant hereto, Just For Men® was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe

Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LLC.

## **PARTIES, JURISDICTION, AND VENUE**

4.     The Plaintiff, Telly Jones, is and was at all times relevant hereto, a citizen of St. Clair County, Illinois.

5.     Plaintiff Telly Jones shall herein be referred to as "Plaintiff."

6.     Defendant Combe Laboratories, Inc. is an Illinois corporation which has its principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

7.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

8.     Upon information and belief, Defendant Combe Laboratories, Inc was specifically engaged in processing product returns, packaging and repackaging, research, product testing, and product Shipment for Defendants' Just for Men® hair care and dye products.

9.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of Illinois.

10.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

11.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

12.     Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

13.     At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing,

2

distributing, labeling, and/or selling Just For Men® hair care and dye products.

14.     Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of Illinois.

15.     At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the States of State of Illinois and derived substantial revenue from such business.

16.     At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

17.     Upon information and belief, Defendant Combe Incorporated is doing business in the State of Illinois through its subsidiary company, Combe Laboratories, Incorporated.

18.     Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr. 971 Calle A, Naguabo, Puerto Rico 00718.

19.     At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

20.     Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Illinois.

21.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

22.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

23.     Defendant Combe International LLC is a Delaware corporation which has its

3

principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

24.    At all times relevant hereto Defendant Combe International LLC was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

25.    Upon information and belief, at all relevant times, Defendant Combe International LLC, formerly known as Combe International LLC, was present and doing business in the State of Illinois.

26.    At all relevant times, Defendant Combe International LLC, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

27.    At all times relevant hereto, Defendant Combe International LLC expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

28.    Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LLC shall herein be collectively referred to as "Defendants."

29.    Plaintiff is further informed, and as more fully set forth below, believes and therefore alleges that the specifically named Defendants, and each of them, were the alter egos of the other Defendants, and each of them, in that they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities or other manner of division. Additionally, Plaintiff alleges that to continue maintaining the facade of a separateness and individual existence between the specifically named Defendants, and each of them, does not satisfy justice.

30.    The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court.

31.    This Court has personal jurisdiction over the Defendants because they have a

4

principal place of business located in Rantoul, Illinois and Defendant Combe Laboratories, Inc. is incorporated in Illinois and maintains a registered agent for service of process in the State of Illinois.

32. Upon information and belief, at all times relevant hereto, Combe Defendants act as one in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products, under the direction and control of Combe Incorporated.

33. This court has personal jurisdiction over all Defendants pursuant to and consistent with Illinois statute (735 ILCS 5/2-209) and the Constitutional requirements of Due Process in that the Defendants, acting through their agents or apparent agents, committed one or more of the following:

      a. transacted business within the State of Illinois, 735 ILCS 5/2-209(a)(1);

      b. committed a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2)

      c. owned, used, or possessed real estate situated in the State of Illinois, 735 ILCS 5/2-209(a)(3);

      d. made or performed a contract or promise substantially connected with the State of Illinois, 735 ILCS 5/2-209(a)(7); and/or,

      e. did business in and within the State of Illinois, 735 ILCS 5/2-209(b)(4).

34. This Court's exercise of jurisdiction over Defendants is permitted by the Illinois Constitution and the Constitution of the United States.

35. Defendants marketed, promoted, and sold Just For Men® hair care products and dyes, including the Just For Men® hair care product that caused the injury described herein, throughout the State of Illinois, including St. Clair County, Illinois, under the direction of Combe

5

Incorporated. Accordingly, venue is proper in this Court pursuant to 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

## FACTUAL ALLEGATIONS

## DEFENDANTS' PRODUCTION AND SALE OF JUST FOR MEN® HAIR CARE AND DYE PRODUCTS

36.    Defendants worked together for the unified purpose of developing, designing, formulating, manufacturing, packaging, labeling, advertising, marketing, instructing on and warning about, distributing and selling Just For Men® hair care and dye products since at least 1987. Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

37.    Even if used as directed, Defendants failed to adequately warn against the negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long-term usage, all discussed elsewhere in this Complaint.

38.    Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

39.    In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiff. This conduct is fraudulent, unfair, and unlawful.

40.    Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Defendants failed to disclose to consumers, including Plaintiff, the risk of injury, rates of adverse reaction, and other problems known to Defendants.

41.    Defendants boast that Just For Men® products are backed by "three decades of

6

research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

42.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiff.

43.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

44.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

      a.  Severe dermatitis;

      b.  Renal failure;

      c.  Acute Contact Dermatitis;

      d.  Vitiligo;

      e.  Convulsions and comas; and

      f.  Eczematoid contact dermatitis;

45.     Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

46.     A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

47.     In 2006, PPD was named allergen of the year by the American Contact Dermatitis

7

Society.

48.    PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

49.    As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

50.    Throughout Europe PPD is widely known as an "extreme sensitizer."

51.    Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

52.    Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

53.    PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

54.    Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

55.    Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

56.    Although, consistent with 21 U.S.C. 361(a), Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

57.    Defendants recommend a self-applied "skin patch test" on a consumer's arm prior

8

to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

58.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

59.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

60.     During a patch test, a trained medical professional places small quantity of known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape, so the patches stay in place undisturbed for 48 hours.

61.     Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

62.     Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

63.     In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

> a.  Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic

and not at risk of developing an allergic reaction by dyeing their hair;

b. There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

c. The self-test recommendations were not standardized and uncontrolled allowing for large variations in dose, number of applications, and duration of exposure;

d. False negative results from self-testing are considered to be the largest problem;

e. 48 hours known to be too short as patch test reactions may develop up to seven days after application;

f. Self-test locations on the arm or behind the ear are not reliable, while patch testing done on the back is good for reproducibility; and

g. Self-tests are not performed or observed by trained observers.

64.     Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

65.     Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

66.     Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

67.     For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

a. Not shower;

b. Not wear long sleeve shirts;

10

c.  Not accidently rub against anything;

d.  Not sweat; and

e.  Not close the elbow.

68.     Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

69.     Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

70.     Defendants knew or should have known that their recommended skin patch test is inadequate to accurately identify potential reactions to their products.

71.     Defendants, knew or should have known that their test was not adequate because:

a.  The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

b.  The risk that the test would be performed in the wrong area;

c.  The risk that the amount of product used would be wrong;

d.  The arm is not the appropriate location for a skin allergy test;

e.  The risk of false negatives or false positives is high;

f.  The area that is tested is not covered or protected during the test; and

g.  The risk that the product would be disturbed by clothing or daily activities is high.

72.     Consumers, including Plaintiff, detrimentally relied on Defendants' instructions and patch test.

11

73.     Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

74.     In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

75.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering Defendants testing procedure useless.

76.     Due to sensitization during a patch test, it is possible for consumers to have a negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

77.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

78.     Defendants provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

79.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

80.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

81.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

82.     Defendants fail to warn or disclose the probability that a user will have an adverse

12

reaction to Just For Men®.

83.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

84.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding their Just For Men® products.

85.     There are safer and cheaper alternatives to PPD available to Defendants for use in Just For Men® products. However, despite the known risks of PPD, Defendants continue to use PPD in their products.

86.     Safer known alternatives include but are not limited to:

    a.  Henna based hair dyes;

    b.  Para-toluenediamine sulfate hair dyes; and

    c.  Other semi-permanent dyes.

87.     These safer alternatives greatly decrease or even eliminate the risk of adverse reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these alternative formulations also achieve the desired result of dying and/or coloring an individual's hair.

88.     Defendants fail to warn about or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

89.     Defendants also fail to warn or disclose that certain colors of Just For Men® products contain an increased amount of PPD posing a greater risk of an adverse reaction for

13

consumers who use those particular colors.

90.     Furthermore, Defendants fail to warn or disclose that African American consumers are at an even higher risk of an acute reaction to PPD than those of Caucasian descent.

91.     Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the sensitization rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

92.     Just For Men® has an unacceptable and unreasonable rate of adverse reaction as to the general population, which unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

93.     Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

94.     In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

95.     In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

96.     Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

97.     Despite this knowledge, Defendants failed to warn or disclose to their consumers

14

that they were exposed to a significantly increased risk of suffering an adverse reaction.

98.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn or disclose this to consumers and the public in general.

99.     Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48-hour allergy test was flawed and ineffective.

100.    Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

101.    Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

102.    Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

103.    Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

104.    Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

105.    Plaintiff is unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

15

106.    Defendants have a duty to monitor the safety of their products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products; however, they have failed to do so.

107.    Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

**THE RELATIONSHIP OF THE DEFENDANTS**

108.    As discussed above, the Defendants engaged in various parts of the process of manufacturing, distributing, advertising, selling and monitoring Just For Men® at various times, the precise details of which are known to Defendants, but these Defendants in fact worked jointly to bring this product to consumers, including Plaintiff.

109.    Upon information and belief, for instance, Combe Products, Inc. has long had primary responsibility for manufacturing Just For Men®, though Combe Laboratories, Inc. has also manufactured this product.

110.    Upon information and belief, for instance, Combe, Inc. has long had primary responsibility for overseeing the production and marketing of Just For Men®.

111.    Upon information and belief, as discussed above, Combe Laboratories, Inc. additionally processed Just For Men® product returns, packaged and repackaged Just For Men®, and engaged in research, product testing, and product shipment for Defendants' Just for Men® hair care and dye products.

112.    In addition to working together to bring Just For Men® to market, the relationship of the parties further supports jurisdiction over each Defendant in this Court as the Defendants are alter egos of each other and the Court may disregard any claimed separate identity of the

16

Defendants.

113.    To wit, Combe, Inc. is the parent corporation of the remaining Defendants, though these three subsidiary entities do not maintain any identities separate and apart from Combe, Inc., or each other.

114.    Plaintiffs assert upon information and belief that Combe, Inc. controls its subsidiary corporations such that they are the alter ego of their New York-based parent company.

115.    As but one example, upon information and belief, while Chris Combe is the Chief Executive Officer of Combe, Inc., he is also Chairman of the Board of Combe Laboratories, Inc., and President and CEO of Combe Products, Inc..

116.    Further, while Douglas McGraime is the titular President of Combe Laboratories, Inc., he is also an executive officer of each of the other Defendant entities.

117.    Plaintiffs further assert upon information and belief that Combe, Inc. controls its subsidiaries day to day management, in addition to ignoring and failing to follow certain corporate and accounting formalities.

118.    Similarly, Combe Laboratories, Inc. exists for no purpose other than conducting the business of its parent, Combe, Inc. to bring personal care products such as Just For Men® to market.

119.    As a result of the foregoing, this Court may attribute jurisdiction to each Defendant, including but not limited to Combe, Inc., as the parent of each remaining Defendant, all consistent with the United States Constitution and Illinois law including but not limited to this State's long arm statute.

**PLAINTIFF'S USE OF JUST FOR MEN**

120.    Plaintiff, Telly Jones, is and was at all times alleged herein a citizen of the State of Illinois and currently resides in St. Clair County, Illinois and brings this action in his individual

17

capacity.

121.    Plaintiff Telly Jones purchased Just For Men® in or about November 2018 in East Saint Louis, Illinois. Plaintiff Telly Jones applied Just For Men® as directed in or about November 2018. In or about November 2018, Plaintiff Telly Jones suffered a severe reaction to Just For Men® including but not limited to redness, swelling, rash, stinging, irritation, oozing and weeping, sores, itching, burning, infection.

122.    Plaintiff Telly Jones's injuries were so severe, he required emergency medical treatment which he sought on or about November 12, 2018.

123.    As a result of his injury sustained after applying Just For Men®, Plaintiff Telly Jones has permanent skin discoloration.

124.    As alleged herein, as a direct and proximate result of Defendants' negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For Men®, Plaintiff has suffered severe physical injuries. Plaintiff has endured substantial pain, suffering and embarrassment. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future. Plaintiff has suffered, and will continue to suffer economic loss, and have otherwise been physically, emotionally and economically injured. Plaintiff's injuries and damages are permanent and will continue into the future. Plaintiff seeks damages from Defendants as alleged herein.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

125.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

126.    The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications

18

posing a serious risk of injury.

127.   As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm.

128.   Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

129.   Upon information and belief, Plaintiff purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

130.   Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

131.   As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

132.   Plaintiff alleged that Defendants manufactured, transferred, sold Just For Men® in the course of its business, the product was used by Plaintiff in a reasonably anticipated manner, the Just For Men® was defectively designed and unreasonably dangerous and carried a defective warning at the time of sale. The defective Just For Men® caused Plaintiff's injuries. The product was expected to and did reach the Plaintiff without substantial change in its condition.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

19

133.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

134.   Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

135.   The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

136.   The Just For Men® that Plaintiff used had not been materially altered or modified prior to his use.

137.   The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

138.   Just For Men® is also defectively designed as defined by common law because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and effective alternatives to hair dye that do not contain PPD.

139.   Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, specifically, including African-Americans.

140.   Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

141.   Just For Men® is also defectively designed because the patch test, and the method

20

by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

142.   Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

     a.   Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

     b.   Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

     c.   Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

     d.   Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

     e.   Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

     f.   Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

143.   As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

21

144.   As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

145.   Plaintiff alleged that Defendants manufactured, transferred, sold Just For Men® in the course of its business, the product was used by Plaintiff in a reasonably anticipated manner, the Just For Men® was defectively designed and unreasonably dangerous and carried a defective warning at the time of sale. The defective Just For Men® caused Plaintiff's injuries. The product was expected to and did reach the Plaintiff without substantial change in its condition.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

146.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

147.   The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers, and/or their health care providers of such risks as follows:

       a. Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

       b. Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from

22

use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiff and in light of the likely seriousness of that harm.

148.    Defendants, as manufacturers of Just For Men®, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

149.    Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

      a.  Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

      b.  Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

      c.  Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

      d.  Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

      e.  Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

      f.  Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

150.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have

known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the product could cause serious injury as set forth herein.

151.    Plaintiff read and followed the deficient instructions and directions that were provided with Defendants Just For Men® products. As a direct and proximate result of Plaintiff's use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

152.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

153.    Plaintiff alleges that Defendants manufactured, transferred, sold Just For Men® in the course of its business, the product was used by Plaintiff in a reasonably anticipated manner, the Just For Men® was defectively designed and unreasonably dangerous and carried a defective warning at the time of sale. The defective Just For Men® caused Plaintiff's injuries. The product was expected to and did reach the Plaintiff without substantial change in its condition.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILTY DUE TO NON-CONFORMANCE WITH REPRESENTATIONS

154.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

155.    As set forth in this Complaint, Defendants made multiple material representations

24

concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

156.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

157.    These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff.

158.    As a direct and proximate result of Plaintiff's use of the Just For Men® and his reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiff suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

159.    As a direct and proximate result of the foregoing, Plaintiff is entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

160.    Plaintiff alleges that Defendants manufactured, transferred, sold Just For Men® in the course of its business, the product was used by Plaintiff in a reasonably anticipated manner, the Just For Men® was defectively designed and unreasonably dangerous and carried a defective warning at the time of sale. The defective Just For Men® caused Plaintiff's injuries. The product was expected to and did reach the Plaintiff without substantial change in its condition.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

25

161.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

162.   Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to ensure that Just For Men® did not pose a significantly increased risk of injury to Plaintiff and other consumers.

163.   Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiff or other consumers.

164.   Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

165.   Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

166.   Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye

167.   Despite the fact that Defendants knew or should have known that Just For Men®

26

could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiff and other consumers of this risk.

168.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

169.    In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

170.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

171.    Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

172.    Defendants created an express warranty under 810 Ill. Comp. Stat. Ann. 5/2-313 that Just For Men® was a safe and effective hair dye.

173.    Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

174.    The Just For Men® manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to Plaintiff when used as recommended

27

and directed.

175.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

176.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

177.    At the time Defendants designed, manufactured, marketed, sold, and distributed Just For Men® for use by Plaintiff, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

178.    Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

179.    Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

180.    As defined by 810 ILCS 5/2-314, the Just For Men® was not merchantable.

181.    As a direct and proximate result of Defendants' breach of warranty, Plaintiff has suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT REPRESENTATION AND FRAUD

182.   Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

183.   As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye and minimized and downplayed those risks they chose to disclose.

184.   These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiff.

185.   When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

186.   Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiff that its hair dyes were safe and met all applicable design and manufacturing requirements.

187.   Defendants made these false, material representations with the intention of inducing buyers, including Plaintiff, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

188.    Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that he would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

189.    As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiff used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

**NINTH CAUSE OF ACTION**
**VIOLATION OF ILLINOIS' CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT & UNIFORM DECEPTIVE TRADE PRACTICES ACT**

190.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

191.    Defendants have a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, development, manufacture, promotion, and sale of Just for Men®.

192.    Had the Defendants not engaged in the deceptive conduct described herein, Plaintiff would not have purchased and/or paid for Just for Men® and would not have incurred related medical costs.

193.    Specifically, Plaintiff was misled by the deceptive conduct described herein.

194.    Defendants' deceptive, unconscionable, or fraudulent representations and material omissions to consumers, including Plaintiff, constituted unfair and deceptive acts and trade practices in violation of the state consumer protection statutes listed below.

30

195.    Defendants engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiff for Just For Men® that he would not have paid had Defendants not engaged in unfair and deceptive conduct.

196.    Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive, or fraudulent acts or trade practices in violation of:

    a.  815 Ill. Comp. Stat. Ann. §§ 505/1 *et seq.* (Consumer Fraud and Deceptive Business Practices Act); and

    b.  815 Ill. Comp. Stat. Ann. §§ 510/1 *et seq.* (Uniform Deceptive Trade Practices Act).

197.    Plaintiff was injured by the cumulative and indivisible nature of Defendants' conduct. The cumulative effect of Defendants' conduct directed at consumers was to create a demand for and sell Just For Men®. Each aspect of Defendants' conduct combined to artificially create sales of Just For Men®.

198.    Consumers relied upon Defendants' misrepresentations and omissions in determining which hair dye product to purchase.

199.    By reason of the unlawful acts engaged in by Defendants, Plaintiff has suffered ascertainable loss and damages.

200.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was damaged by paying in whole or in part for Just For Men®

201.    As a direct and proximate result of Defendants' violations of Illinois's consumer protection statutes, Plaintiff has sustained economic losses and other damages for which they are entitled to statutory and compensatory damages, and declaratory relief, in an amount to be proven at trial.

31

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## TENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

202.    Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

203.    At all times material hereto, the Defendants knew or should have known that Just For Men® was inherently more dangerous and prone to injuries.

204.    At all times material hereto, the Defendants attempted to misrepresent and did misrepresent facts concerning the safety and efficacy of Just For Men®.

205.    Defendants' misrepresentation included intentionally withholding material information from the medical community and the public, including Plaintiff, regarding the safety of Just For Men®.

206.    Notwithstanding the foregoing, Defendants continued to aggressively market Just For Men® to consumers, including Plaintiff, without disclosing the aforesaid problems and injuries.

207.    The Defendants knew that Just For Men® was defective and unreasonably dangerous nature, as set forth herein, but continued to design, develop, manufacture, market, distribute and sell it so as to maximize sales and profits at the health and safety of the public, including Plaintiff, in conscious and/or reckless disregard of the foreseeable harm caused by the product.

208.    Defendants fraudulently, intentionally, and/or recklessly concealed and failed to disclose to the public, including Plaintiff, the dangers of Just For Men® in order to ensure continued and increased sales.

209.    Defendants' intentional and/or reckless failure to disclose information deprived

32

Plaintiff of the necessary information to enable Plaintiff to weigh the true risk of using Just For Men® against the benefits.

210.    The aforesaid conduct of Defendants in the design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and sale of Just For Men® was fraudulent, knowing misconduct, willful and/or conduct undertaken to recklessly and with conscious disregard for the safety of Plaintiff such as to constitute despicable conduct, and oppression, fraud and malice, and at all times relevant, such conduct was ratified by the corporate Defendants herein, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example to Defendants, and to deter them from similar conduct in the future.

211.    Plaintiff seeks actual and punitive damages from the Defendants as alleged herein pursuant to all appropriate state statutes and common law. The injuries and damages alleged herein are permanent and will continue into the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

212.    Plaintiff hereby incorporates by reference all allegations contained in the preceding paragraphs, as though fully set forth herein.

213.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiff hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

214.    To the extent that Defendants may claim that one or more of Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff asserts that the statute of limitations is and has been tolled by, inter alia, Plaintiff's discovery that his injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Telly Jones prays for the following relief:

A.  Trial by Jury;

B.  Judgment in favor of Plaintiff and against all Defendants, for all damages in such amounts as may be proven at trial;

C.  Compensation for non-economic losses, including, but not limited to medical expenses, disfigurement, pain and suffering, mental anguish and emotional distress, in such amounts as may be proven at trial;

D.  Punitive and/or exemplary damages in such amounts as may be proven at trial;

E.  Restitution and disgorgement of all revenue that Defendants have obtained through the manufacture, marketing, and sale of Just For Men®;

F.  Attorney's fees and costs;

G.  Pre and post-judgment interest; and

H.  Any and all further relief, both legal and equitable, that the court may deem just and proper.

Dated: February 20, 2019

Respectfully submitted,

/s/Loyd M. Cueto
Lloyd M. Cueto
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, Illinois 62223
618-277-1554
cuetolm@cuetolaw.com

34

Christopher Cueto
Law Office of Christopher Cueto, Ltd.
7110 West Main Street
Belleville, Illinois 62223
618-277-1554
ccueto@cuetolaw.com

## JURY DEMAND

Plaintiff demands a trial by jury on all of the triable issues with this Complaint.